Case 3:25-cv-01795-GCS   Document 8   Filed 01/07/26   Page 1 of 8   Page ID #18
THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAKOTA KELLER, # S14303, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 3:25-cv-01795-GCS** |
| | ) | |
| C/O O'BEAR (#9440), | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**SISON, Magistrate Judge:**

Plaintiff Dakota Keller is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center. He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He claims defendant subjected him to excessive force, contaminated his food, and endangered him by spreading information about his conviction. (Doc. 1). Plaintiff seeks monetary damages and unspecified injunctive relief. (Doc. 1, p. 8).

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture,

---

[1]     The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 3), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

Page **1** of **8**

the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges while he was housed in Pinckneyville's R-5 Segregation house in May 2025, Defendant Officer O'Bear told people that Plaintiff is a "baby raper." O'Bear ran into Plaintiff's cell, punched him twice in the ribs, and slammed a riot shield down on his back after someone pepper sprayed Plaintiff. (Doc. 1, p. 5). Plaintiff was injured and was scheduled for a CT-scan and sonogram.

On another occasion when Plaintiff was in a different cell, O'Bear told his cellmate Plaintiff was a baby raper and the cellmate should beat him. O'Bear yelled a similar accusation about "the white guy in Cell 17," meaning Plaintiff, to other inmates on the gallery. (Doc. 1, p. 6).

On July 31, 2025, O'Bear smeared an orange substance onto the open chuckhole of Plaintiff's cell (R-5 Seg A wing, Cell 55), using a glove. He again called Plaintiff a baby raper. The substance immediately caused Plaintiff's nose to tickle and burn. (Doc. 1, p. 6).

On August 9, 2025, on R-5 Seg A-15, Plaintiff noticed that the food on his dinner tray was orange. (Doc. 1, p. 6). He swallowed a bite, which burned his mouth and throat and caused him to vomit. Plaintiff kept the tray until the first shift came on duty the next morning, then showed it to a mental health worker and another officer. They confirmed pepper spray had been put on the food. Plaintiff spoke to a Lieutenant and O'Bear was transferred to another cell house. Plaintiff was told that O'Bear would not return to R-5 house.

Plaintiff seeks a TRO "to protect [him] from any other issues." (Doc. 1, p. 8).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following

claims in this *pro se* action:

Count 1:    Eighth Amendment excessive force claim against O'Bear for punching and slamming Plaintiff with a riot shield in late May 2025.

Count 2:    Eighth Amendment cruel and unusual punishment claim against O'Bear for contaminating Plaintiff's cell and food with pepper spray or another caustic substance in July and August 2025.

Count 3:    Eighth Amendment claim against O'Bear for endangering Plaintiff by telling other inmates he sexually abused a child and encouraging them to beat him in 2025 while Plaintiff was housed in R-5 segregation.

The parties and the Court will use these designations in all future pleadings and orders,

unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the** *Twombly* **pleading**

**standard.**[2]

## Official Capacity Claims

Plaintiff sues O'Bear in his official and individual capacities. (Doc. 1, p. 7). Claims

for monetary damages may only be pursued against state officials in their individual

---

[2]    *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

capacities. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against O'Bear are dismissed without prejudice.

### Count 1

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Plaintiff sufficiently alleges that O'Bear used unnecessary and excessive force when he punched, slammed, and injured him. Count 1 may proceed.

### Count 2

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs (food, medical care, sanitation, or physical safety) may violate the Eighth Amendment. *See Rhodes*, 452 U.S. at 346; *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). To state an Eighth Amendment claim, Plaintiff must plead facts suggesting he was denied "the minimal civilized measure of life's necessities," creating an excessive risk to his health or safety (the objective element). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). He must also sufficiently plead that the defendant exhibited deliberate indifference to a substantial risk of serious harm to the inmate, despite the defendant's

knowledge of the risk. *Farmer*, 511 U.S. at 837, 842.

Plaintiff's allegations that O'Bear deliberately contaminated his cell and food tray with pepper spray satisfy both the objective and subjective elements of this Eighth Amendment claim. Count 2 will also proceed against O'Bear.

### Count 3

Prison officials who intentionally or recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights. *See Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) (citation omitted). *See also Wright v. Miller*, No. 13-1670, 561 Fed. Appx. 551, 555 (7th Cir. 2014) (stating that "[e]ven without an actual injury, the mere probability of the harm to which [defendant] exposed [plaintiff] can be sufficient to create liability: The heightened risk of future injury a prison official intentionally or with reckless indifference inflicts on an inmate is itself actionable.") (internal quotations omitted).

Here, Plaintiff alleges O'Bear intentionally told other inmates he had sexually assaulted a child, thus placing him in heightened danger of attack. *See Jenkins v. Freeman*, No. 09-cv-323-WMC, 2010 WL 2812959, at *2 (W.D. Wisc. July 15, 2010) (collecting cases) (labeling a prisoner as a sexual predator of children places him at greater risk). Plaintiff has sufficiently alleged an Eighth Amendment claim in Count 3 that may also proceed.

### INJUNCTIVE RELIEF

Because the Complaint includes a request for injunctive relief (a TRO), the Warden of Pinckneyville Correctional Center, in his/her official capacity, will be added to the docket regarding this request. *See, e.g., Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir.

2011) (holding warden is proper defendant for injunctive relief claim as s/he would be responsible for ensuring that any injunctive relief would be carried out).

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. *See* FED. R. CIV. PROC. 65(b)(2). A TRO may issue without notice *only* if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. *See* FED. R. CIV. PROC. 65(b)(1). Plaintiff has not demonstrated the likelihood of immediate and irreparable harm before Defendants can be heard. Accordingly, his request for a TRO in the Complaint (Doc. 1, p. 7-8) is **DENIED**.

## DISPOSITION

The Complaint states colorable claims in Counts 1, 2, and 3 against Officer O'Bear. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Pinckneyville Correctional Center as a defendant, in his/her official capacity.

The Clerk shall prepare for Officer O'Bear (#9440) and the Warden of Pinckneyville Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**. The Pinckneyville Warden need only appear in this matter and need not answer the Complaint.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result

in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is

**DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health

Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  January 7, 2026.**

Digitally signed by
Judge Sison
Date: 2026.01.07
11:39:26 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.